United States District Court
Southern District of Texas
ENTERED

DEC 1 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

DEC 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RONALD LEE LEWIS, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § MISC. ACTION NO. B-03-016 |
| | § |
| UNITED STATES PROBATION | § |
| OFFICE, an entity, and U.S. PROBATION | § |
| OFFICER, an individual. | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Ronald Lee Lewis, the putative plaintiff in the above-referenced miscellaneous cause number, filed a Complaint and Demand for Damages (Docket No. 1) on July 10, 2003. In that complaint, Lewis asserts a cause of action based on 5 U.S.C. §§ 552a (e)(5) and (g)(4), and *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992). For the following reasons, this Court recommends that Lewis' cause of action be dismissed without prejudice.

### FACTUAL & PROCEDURAL BACKGROUND

Lewis has an extensive background with the federal prison system. At the time he filed the instant cause of action, he was incarcerated based on a guilty plea conviction for mail fraud. *See United States. v. Lewis*, Crim. Action No. B-01-343. His complaint suggests that he has been convicted of federal crimes on at least two other occasions. Lewis' background in the federal penal system is relevant because it forms the basis of his civil lawsuit.

According to Lewis, who is proceeding pro se, he has complained at numerous times that information contained in his various pre-sentence reports is inaccurate. Lewis asserts that his first federal conviction, which occurred at some point in the 1980s, led to the preparation of a pre-sentence report that contained false information. Lewis claims that his subsequent sentences have been based, at least in part, on said misinformation. Specifically, he argues that his pre-sentence reports have included references to drug use from thirty-five years ago. He maintains that he has never used drugs, and that he has complained about this inaccuracy at the time each pre-sentence report was prepared.

Lewis filed the instant suit based on 5 U.S.C. §§ 552a (e)(5) and (g)(4), seeking, among other things, money damages, and that any and all records maintained by the United States Probation Office be corrected so as to reflect accurate and true information. *See Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992).

Lewis initially filed his complaint without paying a filing fee. As a result, the district clerk's office mailed him an application to proceed in forma pauperis. In response, Lewis addressed a letter to the clerk's office, giving the Court notice that he was moving to a halfway house, and requesting that all future correspondence be directed to his wife, whose address he provided. In addition, Lewis stated that he did not wish to proceed in forma pauperis; rather, he expressly noted that he desired to pay the court's filing fee. *See* Docket No. 2. The letter was dated July 16, 2003.

On July 22, 2003, the district clerk informed Lewis of the filing fee amount and the proper procedure for submitting such a fee. No response was received. As a result, this Court issued an order (Docket No. 3), dated September 2, 2003, giving the Plaintiff notice that his case

would be dismissed unless a response regarding the filing fee was received by September 29, 2003.

On September 8, 2003, Lewis sent a letter in response to this Court's notice of dismissal. Therein, he claimed that there is no filing fee for civil complaints filed pursuant to Title 5 of the United States Code. In addition, Lewis requested that, if a filing fee does exist, he be provided with the statutory authority requiring such a fee, and that he been given additional time to pay it.

In response, the Court issued an order on October 1, 2003 (Docket No. 5). The Court's order directed Lewis to pay the $150 filing fee required by 28 U.S.C. § 1914 within thirty days.[1] The Court further cautioned that failure to comply would result in dismissal of Lewis' action for want of prosecution. To date, no response has been received.[2]

## ANALYSIS

The Plaintiff has not responded to this Court's order dated October 1, 2003, which required him to submit the obligatory filing fee within thirty days. The order specifically provided that "Failure to comply will result in dismissal for want of prosecution." The Plaintiff's failure to take action forces this Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court is of the opinion that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Larson v. Scott*, 157 F.3d

---

[1] The Court attached a copy of 28 U.S.C. § 1914 to its order.

[2] Although the copy of the October 1st order that was mailed to the Plaintiff by the district clerk was returned as undeliverable, a copy sent by certified mail from this Court's chambers was delivered and accepted at the address to which Lewis instructed this Court to forward all future correspondence. *See* Docket No. 5 (return receipt attached to back of page one).

1030, 1032 (5th Cir. 1998) (noting that a district court may sua sponte dismiss an action for failure to prosecute or for failure to comply with a court order). The Plaintiff should be advised, however, that upon a proper showing, relief from an order by the district court adopting this Court's reasoning may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. *See Link*, 370 U.S. at 635.

## RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that this action be DISMISSED without prejudice for want of prosecution and for failure to comply with a court order.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 10th day of December, 2003.

Felix Recio
United States Magistrate Judge